**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

---

|  |  |
|---|---|
| **MICHELLE BEAGLE** ) | No. 3:20-cv-1894 |
| ) | |
| *Petitioner* ) | |
| ) | December 21, 2020 |
| v. ) | |
| ) | **PETITION FOR WRIT OF** |
| **DIANE EASTER**, Warden, Danbury ) | **HABEAS CORPUS AND** |
| Correctional Institution, in her ) | **REQUEST FOR EMERGENCY** |
| Official capacity ) | **ADMISSION TO BAIL** |
| ) | |
| *Respondent* ) | |

---

## PRELIMINARY STATEMENT

1. Petitioner Michelle Beagle, Register Number 72880-067, is a forty-two year-old woman incarcerated at Danbury Correctional Institution. Ms. Beagle has a history of cancer, in addition to numerous other serious health conditions, including endocarditis, COPD; and a history of smoking, blood clots, and open-heart surgery.

2. For over a year Ms. Beagle has had masses on her body that require biopsy and consult to figure out whether they are cancerous. What started as two masses on her vulva has now spread to masses in both her breasts and under her left ear. In the past two months medical staff have recommended a mammogram and a gynecological oncology appointment, with urgent status. Medical staff have represented that she needs immediate biopsy and treatment. Three outside consultations have been scheduled by medical staff in order to diagnose and treat these masses. In all three instances Respondent has failed to cause Ms. Beagle to be taken to Ms. Beagle's scheduled appointments.

3. Ms. Beagle desperately needs biopsies and an oncological assessment of the masses in order to be able to obtain any necessary treatment. Nevertheless, Respondent is failing to provide her the medical care she absolutely needs. Respondent's treatment of Ms. Beagle renders the fact of Ms. Beagle's confinement unlawful under federal law and the U.S. Constitution.

4. She petitions this court for a writ of habeas corpus requiring immediate transportation to an oncology appointment for appropriate testing and treatment.

5. Because Respondent has demonstrated multiple times now their inability to secure Ms. Beagle the care that she needs and because she needs urgent medical attention, Ms. Beagle also petitions this court for immediate admission to bail pending a decision on the underlying petition.

## PARTIES

6. Petitioner Michelle Beagle is a forty-two-year old cancer survivor with multiple medical conditions. She is currently incarcerated at Danbury Federal Correctional Institution ("Danbury").

7. Respondent Diane Easter is the warden of Danbury.

## JURISDICTION

8. This case arises under the Eighth Amendment to the United States Constitution.

9. The Court has subject matter jurisdiction pursuant to Article I §9, cl. 2 of the U.S. Constitution; the Eighth Amendment of the U.S. Constitution; 28 U.S.C. § 1331; 28 U.S.C. § 1651; and 28 U.S.C. § 2241.

**VENUE**

10. Venue is proper in the District of Connecticut because Petitioner is physically present in Connecticut in the custody of Respondent, and because a substantial part of the events and omissions giving rise to these claims occurred and continue to occur in this district. 28 U.S.C. § 1391(b).

**FACTS**

11. Petitioner Michelle Beagle has been incarcerated at Danbury for a little more than two years. She was sentenced to 235 months imprisonment in 2018 for possession with intent to distribute distribution of heroin, with a death resulting. Her BOP Register Number is 72880-067.

12. Ms. Beagle has suffered from COPD and cancer among several other illnesses.[1] She has previously had to have three lumps removed from her vulva.[2] Between 2016 and 2018 she underwent a total of thirty-two surgeries. She has also had an open-heart surgery—tricuspid valve replacement—in 2018 due to earlier damage from endocarditis.[3]

13. In November 2019 Ms. Beagle discovered a mass on her vulva.[4] The facility confirmed the mass via ultrasound on January 14, 2020.[5]

14. Ms. Beagle discovered a second mass on her vulva in February 2020. This second mass was confirmed via ultrasound on March 6, 2020.[6]

---

[1] *See* Michelle Beagle BOP medical record, attached as Exhibit A at 023, 038, 067 (hereinafter "BOP medical record, Ex. A").

[2] *See* BOP medical record, Ex. A at 028.

[3] *See Id*. at 028, 042, 044.

[4] *See Id*. at 074-76 (Clinical encounter notes 12/31/2019 for Ms. Beagle, "patient with vulva mass," reports "the mass has grown significantly"); *Id*. at 067 (Clinical encounter notes 1/2/20 for Ms. Beagle ("Patient c/o vulvar mass. She has a hx of cancer and has had extensive surgery")

[5] *Id*. at 066.

[6] *See Id*. at 056 (Clinical encounter note from 3/6/20 noting ultrasound request completed with "new complaints of a second "bump/lump" to same area."); *Id*. at 053 ("Inmate stated she recently had two masses identified with an ultrasound study performed approximately 10 days ago").

15. Originally the medical staff at the facility ordered MRI scans to confirm the mases,[7] but canceled the procedure when they realized that the wires in Ms. Beagle's chest for her heart condition would have made it dangerous to conduct an MRI.[8] On March 18, 2020, Dr. Greene, the clinical director at the facility, ordered a CT scan for the masses on Ms. Beagle's vulva.[9]

16. In March of 2020, the COVID pandemic hit the United States and the country began to shut down. Numerous doctors' appointments in the community were canceled, including Ms. Beagle's appointment for a CT scan.[10] She was not told of any near future plans to reschedule.

17. In April 2020 she was taken by ambulance to Danbury hospital because of a concerning EKG.[11] The doctor at the hospital told her that she needed to see a cardiologist. She informed medical staff at Danbury of this recommendation. Respondent has yet to arrange for Ms. Beagle to see a cardiologist.

18. In September, Ms. Beagle was seen by dermatology for the masses on her vulva.[12] The dermatologist found another mass along Ms. Beagle's left jawline.[13] The dermatologist recommended a consultation with general surgery.

19. Ms. Beagle was sent to see a surgeon in the community in order to address the masses on her vulva, and now on her jawline. A surgery consultation had been pending since July

---

[7] *Id*. at 066.
[8] *See Id*. at 048 (Clinical encounter notes indicating that MRI cancelled "because the inmate has hardware in her body" and "only other alternative is a CT scan." Noting CT scan was cancelled "due to the corona virus and it was determined by radiology that her situation is not an emergency. CT scan is what is needed.").
[9] *Id*.
[10] *Id*.
[11] *See Id*. at 042-43 ("Her EKG this day is non-reassuring"; requesting transfer to Danbury Hospital ED); *Id*. at 126-35 (Danbury Hospital records).
[12] *See Id*. at 026 (requesting dermatology consultation).
[13] *See Id*. at 024.

2020.[14] The surgeon examined her and concluded that she needed to see a gynecological oncologist to have a biopsy done.[15]

20. At the end of September, Dr. Greene submitted approval for outside consultations with gastroenterology and gynecological oncology through BOP's regional office.[16] On October 20, the oncology appointment was approved by the regional office, and an appointment was set for November 6, 2020.

21. On November 6, the facility neglected to assign a custody officer to take Ms. Beagle to her scheduled and approved oncology appointment.[17] No explanation was given to her other than they "forgot." Dr. Greene submitted a request for Ms. Beagle to be scheduled for another oncology consultation.[18]

22. On November 20, Dr. Greene examined Ms. Beagle and conducted a breast exam. During this exam he found masses in both Ms. Beagle's breasts.[19] Dr. Greene submitted an urgent request for a consultation with radiology for Ms. Beagle to be given a mammogram.[20]

23. On December 4, Ms. Beagle was once again due to be taken out for an oncological consultation in the community. Once again, the facility failed to take her to this appointment, and the consultation never occurred.

24. On December 7, Ms. Beagle was supposed to be taken to an outside appointment for a mammogram and ultrasound of the masses in her breasts. The facility for the third time failed to transport her to her scheduled appointment.

---

[14] *See Id*. at 031-32, 025.
[15] *Id*.
[16] *See Id*. at 019, 023.
[17] *See Id*. at 011.
[18] *Id.*
[19] *See Id*. at 009 (exam comments noting lump in both breasts), *Id*. at 089 (noting "unspecified lump in breast")
[20] *Id*. at 009.

25. On December 14, after Ms. Beagle had been experiencing excessive and prolonged bleeding for months, Dr. Greene performed a uterine biopsy to rule out uterine cancer. He informed Ms. Beagle that he would be unable to get her another oncological appointment to have her vulva, breasts, or ear biopsied due to the COVID outbreak.

26. Beginning in March and in the months that followed, dozens of prisoners at Danbury tested positive for COVID. Some of these individuals required hospitalization. A lawsuit was filed against the prison for deliberate indifference to prisoners' known medical needs. A settlement agreement was signed in July 2020. The agreement provides that the facility will continue to identify individuals who are at heightened risk for severe illness from COVID-19 based on CDC-identified risk factors, and that BOP will review these individuals for home confinement according to agreed-upon standards and on an expedited basis.[21]

27. Because of her numerous health conditions, Ms. Beagle was identified as a medically vulnerable class member.

28. Respondent has denied Ms. Beagle home confinement based solely on her low PATTERN recidivism risk score, a pending charge/detainer that has since been cleared, and the percentage of time she has served.[22] Respondent has notified Ms. Beagle that if Ms. Beagle is not granted home confinement, the facility will seek to send her to the BOP facility in Carswell, Texas.

29. Ms. Beagle could be released to live with a family friend, Carolyn Sharp in West Pittston, PA. From this location she could seek treatment in the community with her doctor,

---

[21] *See* Whitted v. Easter, No. 3:20-cv-00569, Dkt. 1, Dkt. 15, Dkt. 26, Dkt. 27, Dkt. 30, Dkt. 221.
[22] *See* Home Confinement Review Worksheet, Michelle Beagle, attached as Exhibit B; Home Confinement Review Worksheet on re-review, Michelle Beagle, attached as Exhibit C.

Martin Martino of Lehigh Valley Hospital, an obstetric gynecologist who treated her in the past.

## JUDICIAL AUTHORITY TO ADMIT TO BAIL

30. This Court has the "inherent authority" to admit a prisoner to bail and order her immediate release pending adjudication of her habeas petition. *Mapp v. Reno*, 241 F.3d 221, 26 (2d Cir. 2001).

31. To qualify for admission to bail, an individual must show that "extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." *Mapp*, 241 F. 3d at 230.

32. Ms. Beagle's urgent need for medical diagnosis and treatment and the BOP's complete inability to provide her with the needed care is an extraordinary circumstance that warrants her release so that she can seek treatment in the community. Ms. Beagle has previously seen an oncologist at Lehigh Valley Hospital in Pennsylvania and could seek treatment in the community should she be released on bail.

33. Respondent's proposed solution of transferring Ms. Beagle to another BOP facility does not solve the health risks Ms. Beagle faces. The public health risks of transferring Ms. Beagle to Texas are significant. COVID cases are rising exponentially around the country, and transfer requires transit with other prisoners in crowded buses and flights.

## LEGAL CLAIMS: VIOLATION OF THE EIGHTH AMENDMENT

34. Petitioner realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

35. The Eighth Amendment to the U.S. Constitution protects prisoners from cruel and unusual punishment. This protection extends to conditions of confinement. Correctional

institutions have an affirmative obligation to provide adequate care to address prisoners' medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Prison officials may not ignore conditions that are likely to cause grave illness in the future. *Smith v. Carpenter*, 316 F. 3d 178, 185 (2d Cir. 2003).

36. Ms. Beagle has a known history of cancer. Respondent has known for almost a year that she has had masses growing on her vulva. Respondent has since confirmed that masses are now growing on both her breasts and under her left ear.

37. Respondent has three times failed to take Ms. Beagle to scheduled and urgently needed oncological or radiology appointments.

38. Respondent's failure to take appropriate steps to get Ms. Beagle immediate treatment constitutes deliberate indifference to Ms. Beagle's right to be free from cruel and unusual punishment. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989) ("[W]hen the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—*e.g.*, . . . medical care, and reasonable safety—it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause.").

39. Respondent is violating Ms. Beagle's Eighth Amendment rights by failing to provide her with the treatment she needs.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner Michelle Beagle respectfully requests that the Court:

a) Admit her to bail and order her immediate release pending disposition of the underlying petition, *see Mapp*, 241 F.3d at 226;

b) Order prompt return by Respondent Warden Easter by December 31;

c) Issue a Writ of Habeas Corpus and order Ms. Beagle transferred to a medical office that will provide oncological care;

d) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Michelle Beagle

By *W.T. Koch III*
                W. Theodore Koch III
                Fed. Bar #ct26854
                Koch, Garg & Brown
                8 W. Main Street, Suite 2-10
                Niantic, CT 06357
                Phone: 860-452-6860
                Fax: 860-452-6865
                ted@kgb-law.com

## CERTIFICATION OF SERVICE

I hereby certify that on December 21, 2020, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CV/ECF Filing System.

*W.T. Koch III*
W. Theodore Koch III
Fed. Bar #ct26854
Koch, Garg & Brown
8 W. Main Street, Suite 2-10
Niantic, CT 06357
Phone: 860-452-6860