UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHELLE BEAGLE,<br>*Petitioner*, | Case No. 3:20-cv-01894 (KAD) |
| v. | |
| DIANE EASTER,<br>*Respondent*. | March 17, 2021 |

### ORDER DISMISSING CASE

Kari A. Dooley, United States District Judge:

Pending before the Court is a petition for writ of habeas corpus brought by Michelle Beagle ("Ms. Beagle" or the "Petitioner") against Diane Easter ("Ms. Easter" or the "Respondent") in her official capacity as Warden of Federal Correctional Institution Danbury ("FCI Danbury"), where Ms. Beagle was previously incarcerated, pursuant to 28 U.S.C. § 2241. (ECF No. 5.) Petitioner also seeks admission to bail on an emergency basis pending resolution of her petition. Following oral argument on Respondent's motion to dismiss the petition (ECF No. 10), Respondent notified the Court that Ms. Beagle had been transferred from FCI Danbury to Federal Medical Center Carswell ("FMC Carswell"), a Care Level 3 federal correctional facility in Fort Worth, Texas. (ECF No. 24.) The Court subsequently afforded the parties the opportunity to address whether the petition has been rendered moot in light of the Petitioner's transfer. (ECF No. 25.) Having considered the parties' submissions (ECF Nos. 27, 30) as well as the Petitioner's motion to amend the petition to add Michael Carvajal ("Mr. Carvajal") in his official capacity as Director of the Bureau of Prisons (the "BOP") as a named respondent (ECF No. 28), the Court concludes that the petition is moot and accordingly must be dismissed, for the reasons that follow. Because Mr. Carvajal is not a proper respondent in this action, the motion to amend is DENIED.

1

**Background and Allegations**

On September 12, 2018, Petitioner was sentenced to 235 months of incarceration following her conviction for conspiracy to distribute and possess with intent to distribute heroin resulting in death in the United States District Court for the Middle District of Pennsylvania. (*See* Judgment, *United States v. Beagle*, Case No. 3:15-cr-00216-RDM-1, ECF No. 161 (M.D. Pa. Sept. 12, 2018).) At the time that her petition was filed Ms. Beagle was serving her sentence at FCI Danbury. She alleges the following facts in support of her petition.

Petitioner is 42 years old and suffers from numerous serious health conditions that include COPD, endocarditis, and a history of cancer and blood clots. (Pet. ¶¶ 1, 12, ECF No. 5.) She underwent 32 surgeries between 2016 and 2018 as well as open-heart surgery in 2018. (*Id*. ¶ 12.) In November 2019, while incarcerated, Petitioner discovered a mass on her vulva, which was confirmed via ultrasound in January 2020. (*Id*. ¶ 13). In February 2020 she discovered a second mass, which medical staff at FCI Danbury confirmed via ultrasound in March 2020. (*Id*. ¶ 14.) On March 18, 2020 Dr. Greene, the clinical director of FCI Danbury, ordered a CT scan to confirm the masses but due to the outbreak of the COVID-19 pandemic, Ms. Beagle's medical appointment was canceled. (*Id*. ¶¶ 15–16.) In September 2020 Petitioner was seen by a dermatologist, who found another mass on Petitioner's jawline and recommended a consultation with a general surgeon. (*Id*. ¶ 18.) The general surgeon who examined her concluded that Petitioner needed a biopsy with a gynecological oncologist. (*Id*. ¶ 19.) Dr. Greene then submitted approval for Petitioner to receive outside consultations with gynecological oncology and gastroenterology, and an appointment was scheduled for November 6, 2020. (*Id*. ¶ 20.) However Respondent neglected to designate a custody officer to transport Ms. Beagle to her appointment, and Dr. Greene submitted a request for it to be rescheduled. (*Id*. ¶ 21.) On November 20, 2020, Dr. Greene examined

Petitioner and discovered masses in both of her breasts; he submitted urgent requests for Petitioner to receive a mammogram.  (*Id*. ¶ 22.)  Petitioner was scheduled to receive an oncological consultation in the community on December 4, 2020, and a mammogram and ultrasound of her breasts on December 7, 2020, but once again the facility neglected to transport her to either appointment.  (*Id*. ¶¶ 23–24.)  On December 14, 2020, Dr. Greene performed a uterine biopsy and during that examination he informed Petitioner that he would be unable to arrange another oncological appointment due to the current COVID-19 outbreak.  (*Id*. ¶ 25.)

Following the settlement of a multi-party habeas class action brought against Respondent by inmates confined at FCI Danbury during the pandemic (the "FCI Danbury Litigation"),[1] Ms. Beagle was identified as a medically vulnerable class member, entitling her to review for home confinement.  (*Id*. ¶¶ 26–27.)  Petitioner was denied home confinement on the basis of a low recidivism risk score, her percentage of time served, and a pending charge or detainer that has since been cleared.  (*Id*. ¶ 28.)  Respondent notified Petitioner that if she were not released to home confinement, Respondent would seek to transfer her to the BOP facility in Carswell, Texas.  (*Id*.)  Petitioner objected to the transfer, asserting instead that she should be released to home confinement so that she can reside with a family friend in West Pittston, Pennsylvania and seek medical treatment in the community.  (*Id*. ¶ 29.)  She alleges that the transfer to Texas will not resolve her health problems.  (*Id*. ¶ 33.)  She further alleges that Respondent's failure to transport Petitioner to her required medical appointments constitutes deliberate indifference to her health and medical needs and that Respondent has violated her right to be free of cruel and unusual punishment under the Eighth Amendment.[2]  (*Id*. ¶ 38.)  In her prayer for relief she seeks immediate

---

[1] *See Whitted et al v. Easter*, No. 3:20-cv-00569 (MPS) (D. Conn. filed Apr. 27, 2020).

[2] In addition to Respondent's alleged failures to transport Ms. Beagle to her oncology and radiology appointments, she also alleges that as of the filing of the petition Respondent had not arranged for her to see a cardiologist, which was

release to bail pending disposition of the petition and an injunction directing that she be transported to a medical office in the community to receive oncological care.

In Ms. Easter's motion to dismiss, she asserts that Ms. Beagle's request that she be released to home confinement is precluded by the terms of the settlement agreement in the FCI Danbury Litigation.  Ms. Easter also disputes the validity of Petitioner's claims on their merits; she represents that "Respondent has endeavored to obtain, and has facilitated, extensive care for Petitioner during her incarceration at FCI Danbury" and argues that any delay in Petitioner's receipt of medical care was justifiably due to circumstances related to the COVID-19 pandemic.  (Resp's. Mem. at 14, ECF No. 10-1.)  She has attached copies of Petitioner's recent medical records in support of her assertion that Petitioner has received ongoing and adequate medical care while incarcerated at FCI Danbury.  Respondent also objects to Petitioner's request that she be admitted to bail as an impermissible effort to circumvent the terms of the FCI Danbury settlement agreement, and argues that Petitioner cannot meet the high standard entitling her to bail in any event.

Three days after filing her motion to dismiss, Ms. Easter informed the Court—on January 8, 2021—that Ms. Beagle's transfer to FMC Carswell was imminent.  (ECF No. 13.)  On that same day, Petitioner filed an opposition to the motion to dismiss in which she represented that she was recently transported to the hospital by ambulance following an allergic reaction to the first dose of the COVID-19 vaccine, which had been administered two days prior.  (*See* ECF No. 14 at 2.)  She further represented that she had recently discovered another lump in her thigh.  (*Id*. at 3.)  Petitioner also challenged her impending transfer, arguing, *inter alia*, that the record set forth by the Respondent failed to establish that FMC Carswell would be capable of providing adequate gynecological oncological and other appropriate medical care to Ms. Beagle and that the transfer

---

recommended during an April 2020 visit to Danbury Hospital in which Ms. Beagle was transported by ambulance for emergency care in response to a concerning EKG result.  (Pet. ¶ 17.)

4

itself might be medically inappropriate in light of her frailty and recent allergic reaction to the vaccine.  (*Id*. at 4–5.)  Petitioner requested an immediate hearing by videoconference; she simultaneously filed an objection in which she asked the Court to stay her transfer pending a full hearing on the petition.  (ECF No. 15.)

On January 11, 2021, the Court held a hearing on the motion to dismiss.  On the same day Respondent filed a notice to address the Petitioner's concerns regarding her transfer and the ability of FMC Carswell to provide comprehensive specialized cancer treatment to Ms. Beagle in coordination with the facility's relationship with the University of North Texas Health Sciences Center. (ECF No. 18.)  In her notice, she also represented that Petitioner was in stable condition as of that morning.  At the hearing, the Court denied the request that the Respondent be enjoined from transferring the Petitioner.  During the hearing the parties also addressed the issue of whether the petition would be rendered moot if the Petitioner's transfer occurred.  Petitioner's counsel requested the opportunity to brief the issue, which the Court allowed. The Court scheduled a follow-up hearing for January 21, 2021 but before the parties could reconvene, Respondent filed a notice apprising the Court on January 13, 2021 that Petitioner's transfer to FMC Carswell had been effected.  (ECF No. 24.)  The Court then continued the hearing pending resolution of the mootness issue, which the Court now decides.

**Legal Standard**

"Article III, Section 2 of the Constitution limits the jurisdiction of the federal courts to the resolution of 'cases' and 'controversies.'"  *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (quotation marks omitted).  "This limitation is 'founded in concern about the proper—and properly limited—role of the courts in a democratic society.'"  *Id*. (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).  "A case becomes moot when it no longer satisfies the 'case-or-controversy' requirement of Article III[.] . . . In order to satisfy this requirement, the petitioner must,

at all stages of the litigation, have suffered, or be threatened with, an actual injury which is likely to be redressed by a favorable judicial decision." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 51 (2d Cir. 2004). "When the issues in dispute between the parties are no longer 'live,' a case becomes moot, . . . and the court—whether trial, appellate, or Supreme—loses jurisdiction over the suit, which therefore must be dismissed." *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005) (quotation marks and citations omitted).

**Discussion**

### Petitioner's Transfer Renders Her Conditions of Confinement Claims Moot

In her petition, Ms. Beagle challenged the conditions of her confinement at FCI Danbury, where she is no longer incarcerated, and sought injunctive relief directing the Respondent to improve those conditions by providing additional, in community, medical care. Because "[a] § 2241 challenge to conditions of confinement will be considered moot where the petitioner has been transferred to a different facility," *Razzoli v. Strada*, No. 10-CV-4802 (CBA), 2013 WL 837277, at *2 (E.D.N.Y. Mar. 6, 2013) (citing *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008)), the petition must be dismissed for lack of subject matter jurisdiction. *See also, e.g.*, *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (*per curiam*) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility."); *Hill v. Zenk*, 115 F. App'x 97 (2d Cir. 2004) (summary order) ("Because Hill brought his action for relief against the warden of a facility in which he concedes he is no longer incarcerated, his petition for relief is moot."); *Anderson v. Williams*, No. 3:15-CV-1364 (VAB), 2018 WL 4623022, at *1 (D. Conn. Sept. 26, 2018) (agreeing "that there is no genuine issue to be tried, in part, because," *inter alia*, "Plaintiff's transfer to Oxford FCI deprives the Court of jurisdiction; and . . . Plaintiff's prison conditions claim was confined to Danbury FCI").

Notwithstanding, Ms. Beagle asserts that the petition is not moot because "the deliberate indifference alleged in Connecticut continues through to Petitioner's present designation in Texas," and that Petitioner's transfer has not remedied the alleged constitutional violations Ms. Beagle experienced at FCI Danbury. (Pet'r's Mem. at 4.) Petitioner's counsel represents in his memorandum of law that he has received notice that Ms. Beagle was placed in quarantine in Texas following her transfer, that conditions in quarantine are poor, and that Ms. Beagle has still not received an appointment with an outside oncologist. (*Id*. at 4–5.) Aside from the fact that a party "may not amend [her] complaint through a memorandum of law," *Datto Inc. v. Braband*, 856 F. Supp. 2d 354, 364 (D. Conn. 2012), to the extent that Ms. Beagle seeks to challenge her present conditions of confinement at FMC Carswell, such allegations do not present a live case or controversy against Ms. Easter, who is the only respondent named in this action and who cannot plausibly be alleged to control the conditions surrounding Ms. Beagle's medical care while she is held in a different facility over fifteen hundred miles away.[3] Insofar as Ms. Beagle seeks to amend her petition to assert claims against the Director of the BOP in place of or in addition to Ms. Easter, such an amendment is improper for the reasons discussed, *infra*.

**The Motion to Amend is Denied**

Despite Ms. Beagle's effort to amend her petition to include Mr. Carvajal as a respondent, (and presumably thereafter to challenge the conditions of confinement in Texas), she recognizes that the Supreme Court has indicated that the proper respondent in a habeas petition that challenges

---

[3] In addition to filing the instant petition, Ms. Beagle also moved for compassionate release and a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) in the United States District Court for the Middle District of Pennsylvania, where she was originally sentenced, citing her medical conditions and the alleged lack of adequate medical care she received while incarcerated at FCI Danbury. On January 21, 2021, the district court denied her motion without prejudice on the basis of her recent transfer to FMC Carswell, finding that the current record did not permit the court to render a determination as to the need for compassionate release given that Ms. Beagle's allegations predated her transfer to Texas. (*See* Order, *United States v. Beagle*, Case No. 3:15-cr-00216-RDM-1, ECF No. 201 (M.D. Pa. Jan. 21, 2021).)

7

conditions of confinement is the warden of the facility where the petitioner is detained and *not* a high-level supervisory official. (Pet'r's Mem. at 3 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)).) Because Mr. Carvajal is a "remote official" as opposed to the warden where Petitioner is confined, Mr. Carvajal is not the proper respondent in this case. *See, e.g.*, *Gordon v. Lappin*, No. 07 CIV. 10948, 2008 WL 4179233, at *2 (S.D.N.Y. Sept. 10, 2008) (dismissing Section 2241 petition as to Harvey Lappin, former director of the BOP, as "[t]he only proper respondent in a habeas challenge to present physical confinement generally is the person with physical custody of the detainee-e.g., the warden of the facility where the detainee is held-not a remote official") (citing *Rumsfeld*, 542 U.S. at 434–35).

In addition, "[t]he plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement," which, in Ms. Beagle's case, is the U.S. District Court for the Northern District of Texas. *Rumsfeld*, 542 U.S. at 443. Petitioner cites a number cases from outside of this Circuit that stand for the general proposition that personal jurisdiction over the respondent is determined at the time a habeas petition is filed and is not destroyed by a petitioner's subsequent transfer to a facility in another District. (Pet'r's Mem. at 2–3.) *See, e.g.*, *Wks. v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1981) (*per curiam*) ("Once the custodian is properly served, subsequent transfer of the petitioner does not cause a loss of habeas corpus jurisdiction in the original district"). However none of these cases involved challenges to an inmate's conditions of confinement and none implicate the type of injunctive relief Petitioner requests here with regard to her medical care—injunctive relief that can only be ordered against her immediate custodian. *See, e.g.*, *United States v. Clark*, No. 3:19-CR-110 (JAM), 2021 WL 71438, at *2 n.4 (D. Conn. Jan. 7, 2021) ("To the extent Clark also seeks to raise a claim that his conditions of confinement

are in violation of the Eighth Amendment's prohibition on cruel and unusual punishment, . . . this Court does not have jurisdiction to prescribe the conditions of confinement at FCI Schuylkill, and any such constitutional challenge to the conditions of his confinement should be raised by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that names the federal prison warden as a defendant and that is filed in the U.S. District Court for the Middle District of Pennsylvania where FCI Schuylkill is located"); *United States v. Rodriguez*, No. 3:18-CR-00907 (JAM), 2020 WL 7321394, at *2 n.3 (same); *Perez v. Breckon*, No. 9:17-CV-00353 (JKS), 2019 WL 652410, at *2 (N.D.N.Y. Feb. 15, 2019) (concluding that "this Court is no longer the proper venue to hear Perez's § 2241 habeas claims. Because Perez is currently in custody at FCI Coleman, any § 2241 habeas petition arising out of his conditions of confinement must be brought in the appropriate district court in Florida").

In sum, because Petitioner has cited no relevant or controlling authority establishing either that this Court should permit substitution of Mr. Carvajal as the respondent in this matter or that this Court can retain jurisdiction over a petition that, in substance, seeks injunctive relief against the warden of a facility located outside of this District (and who is not named in the petition), the motion for leave to amend is DENIED.

**Conclusion**

For the foregoing reasons, the petition for habeas corpus is dismissed for lack of subject matter jurisdiction. The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of March 2021.

                */s/ Kari A. Dooley*
                KARI A. DOOLEY
                UNITED STATES DISTRICT JUDGE